IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JADA ANN HAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1098-N |
| | § | |
| RCJD MOTORS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant RCJD Motors, LLC d/b/a Richardson Chrysler Jeep Dodge Ram's ("RCJD") motion to compel arbitration [13]. Because RCJD has shown that the dispute falls within the scope of a valid arbitration agreement, the Court grants the motion.

### I. ORIGINS OF THE DISPUTE

This dispute arises from the sale and repossession of a vehicle. On April 12, 2022, Plaintiff Jada Ann Hair purchased a 2012 Jeep ("the vehicle") from RCJD. Pl.'s Compl. ¶ 6 [1]. At the time of the transaction, the parties executed both a Motor Vehicle Retail Installment Sales Contract ("RISC") and a Conditional Delivery Agreement ("CDA"). *Id*. ¶¶ 6–7. Hair alleges that RCJD's employees represented that the sale was final and the loan through Westlake Financial had been approved. *Id*. ¶ 6. They gave her the keys to the vehicle and indicated that no further action was necessary. *Id*. On April 15, 2022, Hair returned to RCJD's dealership to repair a coolant leak. *Id*. ¶ 8. RCJD provided her with a loaner vehicle until she returned on April 22, 2022, to pick up her vehicle. *Id*. However,

ORDER – PAGE 1

RCJD refused to return the vehicle, explaining that Westlake Financial had rejected the loan, and the RISC was no longer valid. *Id*. Hair demanded that RCJD return her vehicle, but RCJD called the police and had Hair removed from the premises. *Id*.

The RISC signed by Hair and RCJD contained an arbitration provision limiting the claims and disputes that may be brought in court. The arbitration policy provides in part that:

> any claim or dispute . . . between you and us . . . which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Mot. Compel Arb., Ex. A, RISC 8 [13-1]. The provision further states that "[n]either you nor we waive the right to arbitrate by using self-help remedies, such as repossession." *Id*.

Hair filed this lawsuit against RCJD raising claims for fraud, fraud by nondisclosure, and violations of the Truth in Lending Act, the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, and the Equal Credit Opportunity Act. Pl.'s Compl. ¶¶ 9–49. RCJD filed a motion to compel arbitration pursuant to the arbitration clause in the RISC. Hair opposes the motion, arguing that RCJD cannot rely on the RISC to compel arbitration after repudiating the RISC by its prior actions.

## II.  MOTION TO COMPEL ARBITRATION STANDARD

The Federal Arbitration Act requires district courts to compel arbitration if they determine that there is a valid arbitration agreement encompassing the issues in dispute. 9 U.S.C. § 3; *see also Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019). Courts in the Fifth Circuit conduct a two-step inquiry when

considering a motion to compel arbitration.  First, a court must determine whether the parties agreed to arbitrate the dispute by considering "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).  Second, if the Court determines the claims are subject to a valid arbitration agreement, a court must determine "whether any federal statute or policy renders the claims nonarbitrable." *Id.*  Courts apply state contract law to determine whether the arbitration agreement is valid and the claims are within its scope, and the party seeking to compel arbitration bears the burden of establishing these elements. *Haliburton Energy Servs., Inc.*, 921 F.3d at 530–31.  "The party seeking to compel arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence." *Grant v. Houser*, 469 F. App'x 310, 315 (5th Cir. 2012) (per curiam).  Evidence presented to compel or resist arbitration must be competent summary judgment evidence. *See Gallagher v. Vokey*, 860 F. App'x 354, 358 (5th Cir. 2021) (unpub.).

## IV.  THE COURT GRANTS THE MOTION TO COMPEL ARBITRATION

Hair does not dispute that her claims fall squarely within the scope of the arbitration policy, and neither party has identified a federal statute or policy that renders Hair's claims nonarbitrable.  Accordingly, the Court need only determine whether the arbitration agreement is valid and enforceable.

### A.  RCJD Has Met Its Burden to Show a Valid Arbitration Agreement Exists

**1.  The Arbitration Agreement Satisfies the Elements of a Binding Contract.** – The Court holds that RCJD has met its initial burden to show the existence of an arbitration

agreement. Under Texas law, a contract exists if there is "(1) an offer, (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *In re Capco Energy, Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012) (citation omitted). The arbitration agreement here contains a mutual promise that each party will arbitrate certain disputes arising from the transaction. Mot. Compel Arb., Ex. A, RISC 8. It is undisputed that Hair executed the agreement.[1] Pl.'s Compl. ¶ 6. Thus, RCJD has met its initial burden to prove a valid arbitration agreement exists unless Hair has evidence to rebut the formation of a contract. *See Ron v. Ron*, 836 F. App'x 192, 196 (5th Cir. 2020) (unpub.) (citing *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 120 (Tex. App. — El Paso 2018, no pet.) ("The signed . . . contract sets out the terms of the underlying transaction, and the arbitration clause evinces a mutual intent to arbitrate. As such, we find that there is prima facie evidence of formation[.]")).

Hair has not produced evidence sufficient to show that the agreement does not satisfy the basic elements of a contract. Hair's arguments against enforcing the arbitration provision rely on the simultaneous execution of the CDA and RISC, and RCJD's subsequent behavior in violation of the RISC. The simultaneous execution of the CDA and RISC does not refute the formation of the RISC; under Texas law and the terms of the CDA, the execution of the RISC voided the CDA. TEX. FIN. CODE § 348.013(c)(2); Pl.'s

---

[1] While allegations in the complaint are not competent summary judgment evidence, they are binding admissions properly considered at summary judgment. *See Morales v. Dept. of Army*, 947 F.3d 766, 769 (5th Cir. 1991).

Resp. Mot. Compel Arb., Ex. B, CDA 1 [14-2].  Therefore, the RISC, which contains the arbitration provision in question, is the governing agreement.  Furthermore, RCJD's subsequent behavior does not impact the elements of contract formation; the allegations do not touch on the existence of an offer, acceptance, a meeting of the minds, each party's consent, or execution and delivery of the contract.  Because the arbitration agreement satisfies the elements of a contract under Texas law, a contract exists unless Hair can establish a defense to contract formation.

    *2. All of Hair's Claims Fall Within the Scope of the Arbitration Provision.* – Hair is pursuing claims for fraud, fraud by nondisclosure, and violations of the Truth in Lending Act, the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, and the Equal Credit Opportunity Act.  Pl.'s Compl. ¶¶ 9–49.  The arbitration provision provides that "any claim or dispute . . . between you and us . . . which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction" may be arbitrated at the election of either party.  Mot. Compel Arb., Ex. A, RISC 8.  Hair's claims deal with the execution of the CDA, violations of TILA through the loan financing, the filing of a police report to remove Hair, and false representations related to the financing of the deal.  Because these claims relate to the credit application, contract to purchase the vehicle, and attempted rescission of the contract, the arbitration provision applies.

    *3. Hair Has Not Established a Defense to Contract Formation.* – The Court interprets Hair's argument that RCJD unlawfully executed the RISC and CDA in tandem as arguing a defense of fraud.  As Hair has not alleged that RCJD committed fraud to

ORDER – PAGE 5

specifically induce the arbitration provision as opposed to the agreement as a whole, the Arbitrator must decide the issue of fraudulent inducement. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–446 (2006); *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 551 (Tex. 2002).   Furthermore, RCJD's subsequent actions, such as repossession not sanctioned by the RISC, do not render the arbitration provision unenforceable.  Mot. Compel Arb., Ex. A, RISC 8 ("Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession.").   Rather, the Arbitrator may determine whether RCJD's actions were unlawful, and if so, what remedies to issue. Accordingly, the Court grants the motion to compel arbitration.

### B.  Dismissal of Hair's Claims Is Appropriate

Although the FAA provides that a stay is mandatory when a plaintiff brings suit upon an issue referable to arbitration under a valid arbitration agreement, if "all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate." *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999) (noting that staying the case would serve no purpose where any post-arbitration remedies sought by the parties would not entail renewed consideration and adjudication of the merits).  In *Fedmet*, the Fifth Circuit noted the mandatory stay requirement means only that a district court "cannot deny a stay when one is properly requested," and that it "was not intended to limit dismissal of a case in the proper circumstances."  *Id.*  Because all of Hair's claims against RCJD are subject to arbitration, a stay would serve no purpose and dismissal of the claims is appropriate.

ORDER – PAGE 6

## CONCLUSION

RCJD has met its burden to show a valid arbitration agreement exists and that Hair's claims against it falls within the scope of that agreement.  Hair failed to show that the agreement is otherwise invalid or unenforceable.  Accordingly, the Court grants the motion and exercises its discretion to dismiss all of Hair's claims against RCJD without prejudice.

Signed December 12, 2022.

David C. Godbey
Chief United States District Judge